### J. W. GOFF v. H. W. HOWARD.

**Instruction—Written Contract.**

> In a suit to enforce a written contract, where one of the articles purchased was by mistake and oversight omitted from the contract, an instruction that "the law presumes the written contract read to them expreses the full terms of the agreement made between the parties, and the jury will so find, unless they are satisfied from the evidence that the contract about the shelling machine was left out of said writing by the mistake of the parties when signed by them," is held to be the true expounding of the law.

**Contracts—Condition Precedent.**

> Where one party to a contract fails to perform a condition precedent, within a reasonable time, the other party has a right to regard the contract at an end.

**Same—Contracts—Writing Evidencing—Presumption—Mistake and Oversight—Burden of Proof.**

> The presumption of both law and facts are that the written memorial contains all the covenants of the parties and he that asserts it does not, (but that some were left out by mistake or oversight), must bear the burden of proof.

APPEAL FROM HENDERSON CIRCUIT COURT.

October 6, 1867.

OPINION OF THE COURT BY JUDGE WILLIAMS:

If, as averred by appellee, appellant was to furnish the sheller to shell the corn sold to him, but was left out of the writing evidencing the contract through mistake and oversight, the furnishing it, like furnishing the sacks and twine, was a condition precedent to be performed before appellant could recover, and if not done within a reasonable time appellee had a right to regard the contract at an end.

The evidence certainly authorized the jury to find that the corn sheller was to be furnished by appellant, and that this was left out by mistake when the contract was reduced to writing, and there should be no reversal unless the court misdirected the jury.

Appellant's instruction No. 7 informed the jury, that

> "The law presumes the written contract read to hem

expresses the full terms of the agreement made between the parties and the jury will so find, unless they are satisfied from the evidence that the contract about the shelling machine was left out of said writing by the mistake of the parties when signed by them."

We regard this as a true expounding of the law applicable to the facts of this case.

The presumption of both law and facts are that the written memorial contains all the covenants of the parties and he that asserts it does not, (but that some were left out by mistake), bear the burden of proof, and must overcome these presumptions by evidence reasonably convincing, but he is not required to establish this beyond a reasonable doubt.

If the jury are satisfied by reasonably certain evidence, that by mistake some portion of the agreement was left out of the written memorial, they may so find, although a doubt might rationally be entertained as to this.

The instructions refused did not conform to this view of the law and were therefore properly rejected.

The judgment is affirmed.

*Turner, for appellant.*

*Cissel & Vance, for appellee.*